**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

HENRY COX, 08-B-1418

                                 Plaintiff,

           -vs-                          DECISION and ORDER
                                                         11-CV-6525-CJS

PEOPLE OF THE STATE OF NEW YORK,

                                 Defendant.

---

     **Siragusa, J.** Before the Court is a letter from Plaintiff, Henry Cox, undated, but postmarked on April 20, 2012, ECF No. 15, which the Court construes as a response to its Decision and Order dated April 3, 2012, ECF No. 12. The Court's April 3 Order denied Plaintiff's motion to set aside the first and second issues in his habeas corpus petition, without prejudice. The motion was denied without prejudice. Petitioner had filed a "mixed petition" containing both exhausted and unexhausted claims. In its Decision and Order, the Court directed Plaintiff to choose one of four options to address his unexhausted claims. The Court set a due date of April 27, 2012. The four options consisted of the following:

     First, Plaintiff could file an amended petition containing only those claims for which State court remedies have been exhausted. The Court advised Plaintiff that by choosing this option he would not be able to bring a successive habeas corpus petition with regard to the withdrawn, unexhausted habeas claims.

     Second, Plaintiff could withdraw his entire petition in order permit time to exhaust all of his claims. The Court advised Plaintiff that by choosing this option he would be

permitted to raise his claims in another petition without it being considered a successive petition.

The Court further advised Plaintiff that "the one-year statute of limitations imposed on state prisoners' habeas corpus proceedings by 28 U.S.C. § 2244(d)" is not tolled unless there is a properly filed application for State post-conviction or other collateral review pending. Decision and Order at 3.The Court informed Plaintiff that based upon "[t]he attachments to his motion, and a subsequent letter postmarked March 8, 2012, . . . the [New York Supreme Court,] Appellate Division had not yet accepted his motion [for post-conviction review], thus, it [was] not pending. *Id.*

Third, Plaintiff could ask the Court to stay his entire petition in order to permit him time to exhaust all of his claims.  The Court advised Plaintiff that this option was only available in limited circumstances and that in order to stay his entire petition, Plaintiff must show (1) good cause for failure to exhaust his claims, (2) that the claims relate back to the originally pled claims pursuant to Fed. R. Civ. P. 15(c), and (3) that the unexhausted claims are "potentially meritorious." *Id*. at 4.

Fourth, Plaintiff, if he was unable to exhaust his claims due to procedural bars, then could provide the Court with a "§2254 Exhaustion Response Form, including the cause for the failure to exhaust and the prejudice sustained with respect to each such claim." *Id.* at 5-6. However, the Court advised Plaintiff that should he choose this option and the Court were to find that the cause and prejudice was not legally sufficient, then the Court would dismiss his claims with prejudice, barring him from bringing a successive petition.

Moreover, the Court advised Plaintiff  that "[f]ailure to comply with one of the four above options by April 27, 2012 will result in the automatic dismissal of the petition under

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court." Such dismissal [would] not constitute a dismissal on the merits . . . and therefore would not preclude the filing of another petition. *Id*. at 6.

Plaintiff responded with a letter, undated, but postmarked on April 20, 2012, which the Court construes as his response. In the letter he included the following sentence: "I ask this court to allow me to now exhulse my 1st and 2nd issues in my Federal Habeas Corpes." Plaintiff's statement is unclear. Plaintiff appears to be narrowing his choices to one of either option two or option three.

Subsequently, on April 23, 2012, the Court received a letter from Plaintiff asking the Court to allow him to exhaust the first and second issues in his habeas corpus petition (Most likely Docket #15 - not yet electronically filed). Based on that sentence alone, the Court presumes that the letter received on April 23, 2012 is Plaintiff's response to the Decision and Order on April 3, 2012, denying without prejudice Plaintiff's motion to set aside the first and second issues in his habeas corpus petition.

To reiterate, option two provided Plaintiff with the choice of withdrawing his entire petition in order to permit time to exhaust all of his claims, while option three provided Plaintiff with the choice of requesting that the Court stay his entire petition in order to permit him time to exhaust all of his claims. Again, Plaintiff is advised that a stay is only granted in limited circumstances and he must address the three factors, as outlined above, and in the original Decision and Order, when requesting a stay of his entire petition.

Plaintiff is directed to clarify which of these two options he means to choose. Plaintiff must make a decision between these two options and inform the Court of that decision by

Friday, June 8, 2012. Plaintiff's failure to do so by that date will result in a dismissal of the entire petition.

      IT IS SO ORDERED.

Dated:    May 22, 2012
           Rochester, New York

                ENTER:

                        /s/ Charles J. Siragusa
                        CHARLES J. SIRAGUSA
                        United States District Judge