# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

HENRY COX, 08-B-1418

                                        Plaintiff,

                                                        DECISION and ORDER

                    -vs-

                                                        11-CV-6525-CJS

PEOPLE OF THE STATE OF NEW YORK,

                                        Defendant.

## APPEARANCES

For Plaintiff:                      Henry Cox, *Pro Se*
                                    08–B-1418
                                    Green Haven Correctional Facility
                                    Box 4000
                                    Stormville, NY 12582-0010

For Defendants:                     Priscilla I. Steward, A.A.G.
                                    New York State Attorney General's Office
                                    120 Broadway, 26th Floor
                                    New York, NY 10271

## INTRODUCTION

**Siragusa, J.** On October 24, 2011, Petitioner Henry Cox ("Petitioner") presented the Court with a habeas corpus petition pursuant to 28 U.S.C. § 2254, ECF No. 1. The Court denied the petition without prejudice because it was a "mixed" petition, presenting both exhausted and unexhausted claims. The Court provided Petitioner with four options for proceeding on the mixed petition, which it thoroughly described, and directed him to choose how he wanted to proceed. The Court received Petitioner's response on June 6,

2012. For the reasons stated below, the Court denies Petitioner's request for a stay with prejudice for failure to meet the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005).

## BACKGROUND

The issues raised in the petition included (1) ineffective assistance of trial counsel, (2) ineffective assistance of appellate counsel, (3) repugnant verdicts, and (4) legal insufficiency of the evidence. The only claim Petitioner has exhausted is the claim of legal insufficiency of the evidence.

In a letter, dated May 1, 2012, Petitioner asked the Court to stay his entire petition, permitting him time to exhaust his unexhausted claims, or in the alternative Petitioner asked that the Court allow him to withdraw his entire petition in order to exhaust his unexhausted claims.

## STANDARD OF LAW

First, Petitioner requests that the Court stay his entire petition permitting him time to exhaust his claims. In order to so, Petitioner must show that he meets the *Rhines* criteria. *Rhines* requires that, before granting a stay, Petitioner must show good cause for failure to exhaust his claims and that his claims are potentially meritorious. In *Rhines*, the Supreme Court stated:

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyances is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines,* 544 U.S. at 277.

Second, in the alternative, Petitioner requests that the Court allow him to withdraw his entire petition permitting him time to exhaust his claims. Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, a one year statute of limitations is placed on applications "for a writ of habeas corpus by a person in custody pursuant to a State court judgment. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during the time "which a properly filed application for State post-conviction or other collateral review . . . is pending . . .," 28 U.S.C. § 2244(d)(2). However, the pendency of a federal habeas corpus petition does not toll the statute of limitations, *See Rhines,* 544 U.S. at 274-275 (stating, "Although the limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review,' § 2244(d)(2), the filing of a petition for habeas corpus in federal court does not toll the statute of limitations) (citing *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001); *Duncan* 533 U.S. at 173-174 (stating, "Congress did not intend properly filed applications for federal review to toll the limitations period.").

## DISCUSSION

Petitioner only raised one claim on direct appeal—the insufficiency of evidence claim.  Two of Petitioner's claims, the ineffective assistance of trial counsel and repugnant verdict claims, were raised in a New York Criminal Procedure Law section 440.10 motion. The last claim, ineffective assistance of appellate counsel, was neither raised on direct appeal nor in the section 440.10 motion. The Second Circuit has held that federal courts have

no authority to declare as a matter of state law that an appeal from the denial of [a] Section 440.10 motion is unavailable or that [Petitioner] cannot raise the ineffective assistance claim in a new Section 440.10 action. Until [Petitioner] presents his claim to the highest state court . . . he has not exhausted available state procedures. *See* 28 U.S.C. § 2254(c).

*Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir. 1990).

Therefore, because two of Petitioner's claims were only raised in a section 440.10 motion and a third not raised at all, he has only exhausted one out of four claims brought before the Court: the insufficiency of evidence claim. Subsequently, as a result of his failure to exhaust all of his claims, Petitioner requested a stay of his entire petition to allow him an opportunity to do so. However, since Petitioner has not met the *Rhines* criteria, his request is denied.

First, as to his ineffective assistance of trial counsel claim, Petitioner has not asserted any "good cause" for failure to complete the appellate process with regard to his section 440.10 motion. Furthermore, this claim has already been denied on adequate and independent state grounds, and found to be meritless. This claim was described as "vague, conclusory, and unsupported allegations." Decision and Order at 1, *People v. Cox*, No. 07-0925A (N.Y. Sup. Ct. Apr. 11, 2012) (attached to Pet'r's Response), ECF No. 15.

Second, as to the repugnant verdict claim, again Petitioner has not asserted any "good cause" for failure to complete the appellate process with regard to his section 440.10 motion. Additionally, he cannot demonstrate that his claim is not plainly meritless, since it is not congizable in a federal habeas proceeding. *See United States v. Powell*, 469 U.S. 57, 58, 64-65 (1984) (holding that "consistency in the verdict is not necessary" and noting that inconsistent verdicts are often the product of "mistake, compromise, or lenity") (citing *Dunn v. United States*, 284 U.S. 390 (1932)); *Dowling v. United States*, 493 U.S. 342

(1990) (stating that "inconsistent verdicts are constitutionally tolerable"); *Harris v. Rivera*, 454 U.S. 339, 345 (1981) (stating that "[i]nconsistency in a verdict is not a sufficient reason for setting it aside")).

Third, with regard to the ineffective assistance of appellate counsel claim, Petitioner has shown neither "good cause," nor that the claim is not plainly meritless. Petitioner's claim stems from appellate counsel's alleged failure to raise the issue of ineffective assistance of trial counsel on direct appeal. However, because the claim is based on allegations of ineffective assistance of trial counsel, which have already been found meritless by one state court, Petitioner fails to show that the basis for his ineffective assistance of appellate counsel claim is not plainly meritless.

Consequently, because none of Petitioner's unexhausted claims meet the *Rhines* criteria, his request to stay his entire petition is denied. Alternatively, Petitioner requests that the Court allow him to withdraw his entire petition permitting him time to exhaust all of his claims. The Court is hesitant to grant this request due the statute of limitations imposed by AEDPA. If the Court were to grant Petitioner's request to withdraw his entire petition, any new petition would be untimely because the pendency of a federal habeas proceeding does not toll the limitations period. *Rhines,* 544 U.S. at 274-275. The State court decision on direct review was issued on November 12, 2010, and leave to appeal was denied on January 28, 2011. Petitioner had thirty days from that date to appeal the denial and failed to do so, establishing February 28, 2011 as "the date on which the judgment became final by . . . the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Therefore, the statute of limitations expired on February 28, 2012, one year from when the

judgment became final. As such, if Petitioner were to withdraw his entire petition, any new petition would be barred by the statute of limitations.

Additionally, Petitioner is advised that if he goes forward with his petition containing unexhausted claims, the Court can only deny relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982) (holding that district courts must dismiss "mixed" petitions); *Rhines,* 544 U.S. at 273 (holding "that federal district courts may not adjudicate mixed petitions for habeas corpus.").

Accordingly, the Court directs Petitioner to choose whether (1) he wants to withdraw the three unexhausted claims and proceed with the legal insufficiency claim only, or (2) withdraw his entire petition and be barred by the statute of limitations.

## CONCLUSION

The Court denies Petitioner's request to stay his entire petition for failure to meet the *Rhines* criteria, and further directs him to decide whether he wants to (1) withdraw the three unexhausted claims and proceed with the legal insufficiency claim only, or (2) withdraw his entire petition and be barred by the statute of limitations.

IT IS SO ORDERED.

Dated:   July 10, 2012
            Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge